IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-CV-27-D

LAMAR IRONHORSE, and )
A.I., a Minor Child, )
                          Plaintiffs, )
)
v.                         )           **ORDER**
)
TERRY B. STOMEL, and )
ADLER AND STOMEL, )
                          Defendants. )

On February 17, 2021, Lamar Ironhorse ("Ironhorse" or "plaintiff"), appearing pro se, filed a complaint on his behalf and on behalf of A.I., a minor child, against Terry B. Stomel, and Adler and Stomel ("defendants") [D.E. 1]. On March 16, 2021, Ironhorse moved for entry of default judgment against defendants [D.E. 7]. On June 11, 2021, this court referred plaintiff's motion for entry of default judgment against defendants [D.E. 7] to United States Magistrate Judge Brian S. Meyers for a memorandum and recommendation ("M&R") on plaintiff's motion. See [D.E. 19]. On July 1, 2021, Judge Meyers ordered defendants to file a response to the motion for entry of default and default judgment [D.E. 20].

On January 19, 2022, Judge Meyers issued an M&R recommending that the court deny Ironhorse's motion for entry of default and default judgment against defendants. See [D.E. 32]. On February 2, 2022, Ironhorse responded to the M&R [D.E. 33].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th

Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). If a party makes only general objections, de novo review is not required. See Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). "In order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

Ironhorse's response restates the arguments made to Judge Meyers concerning whether the defendants timely responded to the complaint. Compare [D.E. 7] with [D.E. 33]. The court has reviewed the M&R and the record. The court is satisfied that there is no clear error on the face of the record. See Diamond, 416 F.3d at 315. Thus, the court OVERRULES Ironhorse's objections and adopts the conclusion in the M&R.

In sum, the court ADOPTS the conclusion in the M&R [D.E. 32]. Plaintiff's motion for entry of default judgment against defendants [D.E. 7] is DENIED.

SO ORDERED. This 17 day of February, 2022.

JAMES C. DEVER III
United States District Judge

2